PETERSON v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.    October 26, 1917.)

No. 1544.

CRIMINAL LAW ⬤⟳1147—SENTENCE—ABUSE OF DISCRETION.

Where accused was convicted of stealing from a post office a rubber stamp, the property of the United States, the act of the presiding judge in sentencing him to three years' imprisonment, which was maximum imprisonment provided by Penal Code (Act March 4, 1909, c. 321) § 190, 35 Stat. 1124 (Comp. St. 1916, § 10360), cannot be reviewed as an abuse of discretion, on the theory that the punishment was excessive, even though the judge, in assessing the punishment, took into consideration the fact that the theft of the stamp was committed for an ulterior and decidedly criminal purpose, and that accused was guilty of subornation of perjury of the most glaring character.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry Clay McDowell, Judge.

Alfred T. Peterson was convicted under Penal Code, § 190, of stealing from the post office a money order stamp, property of the United States, and brings error. Affirmed.

Bond & Bruce, of Wise, Va., and W. S. Cox, of Gate City, Va., for plaintiff in error.

R. E. Byrd, U. S. Atty., of Richmond, Va.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge.    Peterson was convicted of stealing from the post office at Duffield, Va., a money order stamp, the property of the United States.    The punishment prescribed for such an offense is a fine of not more than $200, or imprisonment for not more than three years, or both.    Penal Code, § 190.    Peterson was sentenced to the penitentiary for three years, but was not required to pay a fine. On the trial the government gave proof which warranted the jury in finding him guilty of the larceny charged in the indictment, and likewise introduced testimony tending to show that he was also guilty of subornation of perjury, an offense for which he had not been indicted. Because of this testimony, which the presiding judge evidently believed, and because the stamp was stolen for an unlawful, if not criminal, purpose, the maximum term of imprisonment was imposed.    That these considerations induced a sentence of three years does not appear from anything contained in the record, but from a letter written by the District Judge some four months after the trial and printed in the brief of defendant's counsel, as follows:

"Concerning the sentence in the A. T. Peterson case I see no impropriety in my stating to you the fact that the offense for which the defendant was formally found guilty by the jury was and is in my opinion rather trifling, and for it a moderate punishment would have been amply sufficient.    However, I became firmly convinced during the trial and believe now that Peterson was guilty of subornation of perjury of the most glaring character, and I further took into consideration the fact that the theft of the post office stamp

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was committed for an ulterior and decidedly criminal purpose. The main reason for the severe sentence imposed, however, was the subornation of perjury."

The contention here made, and the only reviewable question raised by the assignments of error, is that the severity of the sentence manifests an abuse of judicial discretion, and that in effect Peterson has been convicted of one crime and punished mainly for another. We cannot see our way to sustain this contention. Granted that a much milder sentence would be adequate for the mere theft of this 40-cent stamp, it does not follow, and the letter does not show, that any part of the punishment imposed was for the subornation of perjury, or for the fraudulent use of the stamp which Peterson intended, but rather and simply that those facts were taken into account by the learned judge in determining what sentence should be passed upon Peterson for the larceny of which the jury had found him guilty. The conduct of defendant to which the letter refers, and which more or less clearly appears from the record, was directly connected with the theft for which he was indicted, and that conduct disclosed a criminal inclination, to say the least, which was rightly and properly considered in fixing a penalty suited to the offense. As the case is here presented, the sentence of three years' imprisonment seems oversevere; but it is within the limits prescribed by the Code, and we have no warrant for saying that it is excessive in a legal sense, much less that it evidences an abuse of judicial discretion. Abundant authority supports this conclusion. In Freeman v. United States, 243 Fed. 353, —— C. C. A. ——, the Ninth Circuit Court of Appeals has recently held:

"That the question of the nature of the sentence was one which rested in the discretion of the court below, a discretion which will not be reviewed in this court in any case where the punishment assessed is within the statutory limits."

And peculiarly applicable to the case at bar is the following excerpt from the opinion of the Seventh Circuit Court of Appeals in Wallace v. United States (lately decided) 243 Fed. 300, 310, —— C. C. A. ——:

"Respecting the assignment of error challenging the sentence upon the ground that it is excessive, while it seems that a smaller fine and briefer term of imprisonment might sufficiently have penalized the transgression and vindicated the law, we may not substitute our own discretion for that of the District Court; and under all the circumstances we cannot find there was abuse of that court's discretion in this regard."

If Peterson has been punished with undue severity, relief should be sought in appeal to executive clemency, and not to a court whose authority in a case like this is confined to the correction of legal errors.

Affirmed.