James H. NOE, Petitioner,

v.

C. C. PEYTON (J. D. Cox), Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–31–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

Feb. 20, 1970.

John Lowe, Charlottesville, Va., for petitioner.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by James H. Noe, a prisoner of the State of Virginia pursuant to the provisions of 28 U.S.C. A. § 2241.

Petitioner Noe is presently serving a five year sentence in the Virginia State Penitentiary pursuant to his conviction on February 9, 1962, in the Circuit Court of Albemarle County, Virginia, for grand larceny. The conviction resulted after a plea of guilty had been entered by the petitioner, who was represented by court-appointed counsel.

On the 12th of June, 1968, the Virginia Supreme Court of Appeals denied his petition for a writ of habeas corpus ad subjiciendum. By order dated December 21, 1968, this petition was filed in this court after the petitioner had exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254, as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 837 (1963).

It is necessary at this point to state the petitioner's background in relation to those sentences in which he seeks habeas corpus relief.

On January 2, 1957, petitioner Noe was sentenced to a twelve year term by the Circuit Court of Bedford County, after being found guilty of burglary. The United States District Court for the Eastern District of Virginia on the 6th

of July, 1965, voided this sentence and on a retrial the conviction was reversed on March 6, 1967, by the Virginia Supreme Court of Appeals.

Some four years after the Bedford County conviction petitioner entered a plea of guilty to eight counts of burglary and breaking and entering in the Circuit Court of Augusta County on October 6, 1961. Two months later, after the pre-sentence report had been submitted, the court sentenced Noe to ten (10) years on each count, to run concurrently.

During this same month of December, petitioner Noe was convicted and sentenced to a three (3) year term for grand larceny by the Corporation Court of the City of Staunton. This sentence was later declared null and void on the 12th of July, 1966 by the Circuit Court of the City of Staunton, the petitioner was convicted to a five (5) year sentence which is to commence upon the termination of the Albemarle sentence presently now being attacked by the petitioner.

Upon petitioner's motion, and without objection by the respondent, the second part of his petition, namely that section dealing with an attack on the sentences imposed in the Circuit Court of Augusta County at Staunton, Virginia, was dismissed, without prejudice, on the 22nd day of September, 1969, by this court.

In the present petition before this court, petitioner Noe places his sole emphasis on the conviction of five (5) years for grand larceny by the Circuit Court of Albemarle County on February 9, 1962. As to this grand larceny conviction, Noe contends that said conviction received a greater sentence because of two previous convictions that had been imposed upon him. At the time of the Albemarle conviction the following statute was then in force.

Upon a conviction in a court of record of the charge of larceny, forgery or uttering or attempting to employ as true such forged writing, knowing it to be forged, the court may, in its discretion, suspend sen-

tence during the good behavior of the person convicted, provided that he has not been previously convicted of a like offense or any felony. Va.Code Ann. § 19.1–299.

Shortly thereafter, the above cited statute was repealed by the Acts of Assembly, 1962, c. 561.

■ Given the aforementioned factual situation, the petitioner now contends that since the two previous convictions have been declared "void ab initio", then the Albemarle court was without any authority to consider such convictions in making its ruling on the length or sentence to be imposed. Accordingly, he requests this court to grant him a hearing so as to determine whether or not the presiding judge, during the Albemarle case, was swayed by such prior convictions, in ruling that petitioner was precluded from suspending sentence. This court is of the view that the hearing request should be denied as the pleadings before this court clearly present sufficient basis upon which to make a complete determination of petitioner's request for a writ of habeas corpus.

■ The respondent's memorandum maintains that the petitioner's claim is without merit because the sentencing judge did have a valid conviction and sentence upon which to base its final judgment. This conclusion seems justified. At the time the petitioner was sentenced on the Circuit Court of Albemarle County conviction, (February 9, 1962) he had been previously convicted and sentenced by the Circuit Court of Augusta County, on the 8th of December, 1961. This latter conviction and sentence has never been adjudged null and void.

With this in mind, petitioner's own contentions defeat his request for habeas corpus relief. He maintains that the sentencing judge could not suspend sentence, as per the statute provisions, if he had been convicted of any felony which preceded the rendering of the Al-

bemarle County sentence. A prior felony did exist [1], (Circuit Court of Augusta County) and petitioner's contention is controlled thereby.

Secondly, the petitioner requests that this court not only grant him a hearing, but then bases the effectiveness of such a hearing on the questions that he would like to ask the original trial judge of the Albemarle conviction. Petitioner seeks to determine whether the trial judge considered the two subsequently voided sentences (Staunton and Bedford), in rendering his judgment against the petitioner on the 9th of February, 1962. To do this the petitioner desires to place the judge on the stand so as to question him on the reasons why he imposed the sentence he did.

The law is quite clear on this point, and little needs to be raised or said. Under the Code of Virginia, § 19.-1–268, certain judicial officers are considered to be incompetent to testify under various conditions.

The statute states as follows:

*No judge or justice of any court,* or clerk of either, or justice of the peace, or other person having the power to issue warrants or try cases *shall be competent to testify in any criminal or civil proceeding,* except proceedings wherein the defendant is charged with perjury, *as to any matter which shall have come before him in the course of his official duties as issuing or trying officer.* (Emphasis added).

Under this statute, which this court must follow, it is quite clear that peti-

tioner's desire to have the judge testify on his sentencing procedure in the Albemarle case is not only without custom or precedent, but totally lacking in legal foundation.

In line with this concept, the Fourth Circuit more than fifty years ago stated, in citing Freeman v. United States, 243 F. 353 (9th Cir.1917) that:

\* \* \* The question of the nature of the sentence was one which rested in the discretion of the court below, a discretion which will not be reviewed in this court in any case where the punishment assessed is within the statutory limits. Peterson v. United States, 246 F. 118 (4th Cir.1917)

Lastly, petitioner submits that he should be allowed to present additional factual proof to support his claims. Inasmuch as the two previous points discussed by the court settle the main contentions raised, it seems somewhat futile to grant a hearing on any additional points raised by the petitioner. This court cannot see where additional "factual proof" will solve this court's main thesis, namely, that we will not pierce the plain meaning of the existing statute (Va.Code Ann. § 19.1–268), which does not permit the judge of the Albemarle case the ability to testify "as to any matter which shall have come before him in the course of his official duties as such issuing or trying officer." [2]

Thusly, for the foregoing reasons, this court is of the opinion that the petitioner's allegations are without legal foundation and accordingly must dismiss the petition for a writ of habeas corpus.

1. James H. Noe was convicted of eight (8) counts of burglary and breaking and entering, and sentenced to a ten (10) year term on each count to run concurrently. Judgment was entered on the 8th of December, 1961 in the Circuit Court of Augusta County, Virginia.

Petitioner apparently gives credence to The December, 1961 conviction as being valid as of this date because he has requested this court to dismiss that part of his petition dealing with the Augusta

County conviction. He must assume that it still exists as a valid conviction of a felony prior to his Albemarle conviction in that he sought to attack it by way of habeas corpus, and now has later withdrawn his attack thereon.

2. Further, a letter from Hon. Lyttelton Waddell, Judge of the Eighth Judicial Circuit indicates that "the previous record is considered on motion for suspension, and I feel reasonably sure that this is what was done in this case."